# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LACEY ANGELA WYCOFF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number: 2:13-cv-00006-JHE |
| ) | |
| SANI E ZEHRA, INC. d/b/a DAIRY ) | |
| QUEEN OF TRUSSVILLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION[1]

Plaintiffs Lacey Angela Wycoff, Shana Lynn Wycoff, Ellen Christine Sarmiento, Stacey Dawn Otts Santos, Kenneth Robert Otts, Nicholas Bryan Holt, Patrick Tyler Franklin, Caleb Tyler Russell, Amanda Christine Broome, and Kimberly Brown, as mother and next friend of Madison Nichole Gilbreath, a minor, initiated this action against Sani E Zehra, Inc. d/b/a Dairy Queen of Trussville ("DQ Trussville"), Saboo Foods, Inc. d/b/a Dairy Queen of Clay ("DQ Clay"), and Salim G. Momin alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). (Doc. 1). Defendants answered Plaintiffs' complaint, (docs. 6, 7, & 9), and Defendant DQ Trussville asserted counterclaims against Plaintiff Shana Lynn Wycoff for state law conversion, breach of contract, unjust enrichment, and negligence/wantonness, (doc. 6). Plaintiff Shana Lynn Wycoff now moves to dismiss the counterclaims for lack of subject-matter jurisdiction and failure to join an indispensable party

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 17).

pursuant to Rule 12(b)(1) and (7), Fed. R. Civ. P.  (Doc. 10).  The motion is fully briefed and ripe for review.  (Docs. 10 & 11).  For the reasons stated below, the motion to dismiss is GRANTED.

## I. Background

Plaintiffs, a group of ten employees, worked at the Dairy Queen fast food restaurants in Trussville and Clay, Alabama.  (Doc. 1).  Plaintiffs allege their former employers refused to pay overtime compensation for hours worked in violation of the FLSA.  (*Id.*).  In defense to Plaintiff Shana Lynn Wycoff's ("Wycoff") claims, Defendant DQ Trussville asserts Wycoff was a manager and therefore exempt from FLSA[2] overtime compensation requirements.  (Doc. 11 at ¶2).  Additionally, DQ Trussville asserts counterclaims against Wycoff for state law conversion, breach of contract, unjust enrichment, and negligence/wantonness based on Wycoff's alleged failure to deposit store proceeds.  (Doc. 6). DQ Trussville further contends it demanded Wycoff repay the allegedly misappropriated funds, and, after agreeing to repay at least one unmade deposit, she failed to do so, and thereafter refused to repay the remaining unmade deposits.  (*Id.* at ¶ 4).  DQ Trussville asserts Wycoff's FLSA claims are not brought in good faith and are retaliatory for it demanding she repay the allegedly misappropriated funds.  (*Id.* at ¶ 5).  Wycoff moves to dismiss the counterclaims, arguing there is no subject-matter jurisdiction over the counterclaims and DQ Trussville failed to join an indispensable party.  (Doc. 10).

---

[2] Throughout its opposition to the motion, Defendant DQ Trussville inadvertently refers to the Fair Labor Standards Act as "FMLA" instead of "FLSA."  (*See* doc. 11 at ¶1).  The court understands Defendant DQ Trussville intends to refer to the FLSA, as that is what this case is about.

## II. Standard of Review

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Even when a party does not assert a jurisdictional challenge, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Simply put, a federal court is powerless to act beyond its constitutional or statutory grant of subject-matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Regardless of how the issue came before the court, a plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court=s subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

## III. Analysis

This Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 providing original jurisdiction for "all civil actions arising under the Constitution, laws or treaties of the United States." DQ Trussville's counterclaims arise under state law and do not meet the requirements for jurisdiction under 28 U.S.C. § 1331 or § 1332, providing original jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $ 75,000 . . . and" there is diversity of citizenship. Accordingly, as DQ Trussville concedes, the court has no independent jurisdiction over them. Instead, the court has subject-matter jurisdiction over DQ Trussville's counterclaims *only if* supplemental jurisdiction is authorized under 28 U.S.C. § 1367.

Section 1367 provides supplemental jurisdiction over claims "that are so related to claims

in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Eleventh Circuit has held § 1367 gives federal courts the power to exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724-25, 86 S. Ct. 1130 (1966). In determining whether state law claims meet this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Airlines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

Even if the court has the power to exercise supplemental jurisdiction over a state law claim, § 1367 gives the court the discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when:

> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). If, after examining these factors, the district court decides it has discretion to decline jurisdiction, it should consider the traditional rationales for pendent jurisdiction in deciding whether or not to exercise its discretion, including judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. *Palmer*, 22 F.3d at 1569 (citing *Gibbs*, 383 U.S. at 725-27, 86 S. Ct. 1130).

DQ Trussville's counterclaims do not derive from a common nucleus of operative facts as

the Plaintiffs' FLSA claims as required for the court to exercise supplemental jurisdiction. Here, the FLSA claims deal only with Plaintiffs' entitlement to compensation for time worked, specifically overtime compensation. (*See* doc. 1). The operative facts upon which these claims depend include (1) DQ Trussville and DQ Clay's status as an employer covered by FLSA; (2) Plaintiffs' status as employees of Defendants; and (3) the number of hours Plaintiffs worked per week. *See Coello v. La Cabana Mexican Rest.*, No. 4:12-cv-1104-VEH, 2013 WL 6569140, at *4 (N.D. Ala. Dec. 13, 2013) (quoting *Carvalho v. Door-Pack, Inc.*, 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008)). DQ Trussville's counterclaims against Wycoff for state law conversion, breach of contract, unjust enrichment, and negligence/wantonness arise out of its allegation Wycoff, in a managerial position for DQ Trussville, failed to deposit store proceeds. (*See* doc. 11 at ¶3). Although they involve one of Wycoff's job duties and are based actions or omissions that occurred while working for Defendants, DQ Trussville's counterclaims focus on discrete actions and omissions Wycoff allegedly took or didn't take while working for DQ Trussville. This connection is simply not enough. *See e.g., Yeseren v. Cksingh Corp.*, No. 2:10-cv-253-29DNF, 2010 WL 4023524 (M.D. Fla. Oct. 13, 2010) (holding there is no common nucleus of operative fact where the plaintiff alleged FLSA violations and the employer counterclaims for conversion and breach of duty of loyalty committed during the same period for which the plaintiff claimed FLSA violations). The counterclaims are entirely independent torts that bear no relation to Defendants' alleged failure to adequately compensate Plaintiffs pursuant to the FLSA. Any overlap of witnesses and evidence would be *de minimus*. The court cannot conclude DQ Trussville's counterclaims are so related as to form part of the same case or controversy as Plaintiffs' FLSA claims, and, therefore, the court does not have supplemental jurisdiction over the counterclaims for state law conversion, breach of contract, unjust enrichment, and

negligence/wantonness.[3]

Based on the foregoing, it is unnecessary to address whether the court would be inclined to act on its discretionary authority to exercise jurisdiction over the supplemental state law counterclaims. To the extent the court would have such discretion, however, this would not be an appropriate case to exercise such discretion. The counterclaims apply to only one Plaintiff and would needlessly protract from this case and distract from the FLSA issues.

### IV. Conclusion

DQ Trussville's counterclaims are not so related as to form part of the same case or controversy as Plaintiffs' FLSA claims, and the court does not have supplemental jurisdiction over the counterclaims for state law conversion, breach of contract, unjust enrichment, and negligence/wantonness. Accordingly, DQ Trussville's counterclaims are therefore DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. A separate order will be entered.

DONE this 24th day of March 2014.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the court lacks subject-matter jurisdiction, the undersigned does not reach the question of whether DQ Trussville failed to join an indispensable party.