FILED
2014 Aug-28  PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LACEY ANGELA WYCOFF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number: 2:13-cv-00006-JHE |
| | ) | |
| SANI E ZEHRA, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**[1]

Plaintiffs Lacey Angela Wycoff, Shana Lynn Wycoff, Ellen Christine Sarmiento, Stacey Dawn Otts Santos, Kenneth Robert Otts, Nicholas Bryan Holt, Patrick Tyler Franklin, Caleb Tyler Russell, Amanda Christine Broome, and Madison Nichole Gilbreath[2] jointly move for approval of their settlement agreement.   (Doc. 27).   The parties seek approval of the terms of their settlement agreement on Plaintiffs' claims for unpaid wages and compensation as well as approval of separately negotiated attorneys' fees and costs to be paid to Plaintiffs' counsel under the settlement.   (*Id.*).   For the reasons set forth below, the court approves the parties' settlement and will dismiss Plaintiffs' claims with prejudice.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.   (Doc. 17).

[2] Although Madison Nichole Gilbreath was a minor when this action was filed, she is no longer a minor and is permitted to act on her own behalf.

## I. Background Facts

Plaintiffs filed this action on January 2, 2013, asserting claims for unpaid time and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*   (Doc. 1). Defendants answered the Complaint, denying Plaintiffs were entitled to any additional or overtime compensation under the FLSA and asserting various affirmative defenses. (Docs. 6, 7 & 9).   Defendant Sani E Zehra, Inc. d/b/a Dairy Queen of Trussville ("DQ Trussville") asserted counterclaims against Plaintiff Shana Lynn Wycoff.   (Doc. 6).   The undersigned issued a memorandum opinion finding DQ Trussville's counterclaims were not so related as to form the same case or controversy as Plaintiffs' FLSA claims and that the court did not have supplemental jurisdiction over the counterclaims.   (Doc. 18).   On April 18, 2014, Plaintiffs filed an amended complaint, adding Christina Polley as a plaintiff.   (Doc. 20).   The parties have now reached a settlement, the terms of which are outlined below and contained in their executed Settlement Agreements ("the "Agreement").   (Doc. 27-1).   The Plaintiffs have also provided General Releases and executed documents waiving their right to attend a fairness hearing related to this settlement.   (Docs. 27-2 & 27-3).   The undersigned has reviewed these agreements.

The parties explain the compromise settlement was reached due to uncertainties regarding the applicability of the FLSA to certain time periods of employment.   (Doc. 27 at 2). Plaintiffs assert the FLSA applied to all named plaintiffs for the three years prior to the filing of this lawsuit.   (*Id.*).   Defendants assert that specific periods of time fell outside the FLSA because the minimum threshold amounts of revenue required by the FLSA were not reached. (*Id.*).   Time records reflect five plaintiffs performed work outside of the disputed time period and have been allocated compensation under the proposed settlement.   (*Id.*).   Six plaintiffs performed work solely within the disputed time period and would not be afforded any

2

compensation if the court determined the FLSA did not apply during those time periods.   (*Id.*).

As a compromise, each plaintiff was allocated $417.47 in compensatory and liquidated damages

for work performed during the disputed time period.   (*Id.*).

Under the Agreement, Defendant has agreed to pay Plaintiffs certain amounts to settle

their claims as follows:

| Name | Actual Wages Owed | Premium for Signing Release | Total Settlement |
|---|---|---|---|
| Lacey Angela Wycoff | $1,345.73 | $417.47 | $1,763.20 |
| Shana Lyn Wycoff | $2,598.05 | $417.47 | $3,015,52 |
| Madison Nichole Gilbreath | $85.73 | $417.47 | $503.20 |
| Ellen Christine Sarmiento | $585.51 | $417.47 | $1,002.98 |
| Stacey Dawn Otts Santos | $0 | $417.47 | $417.47 |
| Kenneth Robert Otts | $0 | $417.47 | $417.47 |
| Nicholas Bryan Holt | $0 | $417.47 | $417.47 |
| Patrick Tyler Franklin | $392.75 | $417.47 | $810.22 |
| Caleb Tyler Russell | $0 | $417.47 | $417.47 |
| Amanda Christine Broome | $0 | $417.47 | $417.47 |
| Christina Polley | $0 | $417.47 | $417.47 |

(Doc. 27 at 3).   One-half of each plaintiff's settlement proceeds shall be allocated as

compensatory damages and subject to federal, state, and local taxes. (*Id.*). One-half of each

plaintiff's settlement proceeds shall be allocated as liquidated damages. (*Id.*).   Per the terms of

the settlement agreement, defendants shall tender payment of the settlement proceeds within six

months from the date of the undersigned's order approving the settlement. (*Id.*). Additionally,

Defendants have agreed to pay attorney's fees in the amount of $8,800.00 and expenses in the

amount of $683.75. (*Id.*).

Plaintiffs' counsel has discussed the settlement, its terms, and the allocated compensation

with each of the plaintiffs.   (Doc. 27-4).   Counsel believes each of the plaintiffs is informed

regarding the same and desires the court approve the settlement as proposed.   (*Id.*).

3

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week.   *See* 29 U.S.C. § 207(a)(1).   An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.   29 U.S.C. § 216(b).   In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.   *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect.   *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).   Before approving a FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."   *Id.*at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation."   *Id.*at 1354.   In determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

4

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair.   *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

Here, there is no indication of fraud of collusion.   All parties were represented by counsel and the amount to be paid under the settlement is fair.   The payments to Plaintiffs to settle their claims for unpaid overtime compensation and liquidated damages are fair, reasonable, and adequate.   These payments take into account the likelihood of success and the amounts Plaintiffs might recover if they prevailed on their claims in arbitration.

The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement.   The parties continue to disagree over the merits of Plaintiffs' claims and the amount of overtime compensation owed to them.   The parties agree the outcome of the case is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly, protected litigation.   Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

The breakdown of each Plaintiff's recovery illustrates there has been sufficient investigation and exchange of information and documents to enable counsel to reasonably and adequately assess the claims and defenses at issue.   Specifically, in discovery, the parties exchanged extensive information, documents, and data, including Plaintiffs' work time and pay records during the applicable period.   Before agreeing to the proposed settlement, the parties

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit.   *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

had sufficient information to enable them to make an informed analysis and assessment of the case.

The range of possible recovery also shows settlement is reasonable and adequate. In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed, separately negotiated payment of attorneys' fees and costs and agrees it should be approved because it is reasonable. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If "the plaintiff attorneys' fee is agreed upon separately and without regard to the amount paid to Plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that plaintiff's recovery was adversely affected by the amount of the fees paid to [his] attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). There is no indication the agreement regarding payment of Plaintiffs' counsel's fees and costs was not reached separately and without regard to the amount paid to Plaintiffs. Plaintiffs' claims were not compromised by any deduction of attorney's fees, costs, or expenses.

### III. Conclusion

The Agreement is fair and reasonable under the circumstances. Accordingly, the settlement is due to be **APPROVED** and Plaintiffs' claims will be **DISMISSED WITH PREJUDICE**. A separate order will be entered.

The Clerk is **DIRECTED** to **TERM** document 27.

6

DONE this 28th day of August 2014.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE